IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

**MICHAEL R. SNELL**                                                                                    **PLAINTIFF**

V.                                      No. 4:10CV04095 DPM-BD

**GOVERNMENT OF THE UNITED STATES,** *et al.*                          **DEFENDANTS**


**RECOMMENDED DISPOSITION**


I.    **Procedures for Filing Objections:**

The following Recommended Disposition has been sent to United States District Judge D.P. Marshall, Jr. Any party may serve and file written objections to this Recommendation.

Objections mut be specific and must include the factual or legal basis for the objection. An objection to a factual finding must specifically identify that finding and the evidence that supports the objection.

An original and one copy of objections must be received by the United States District Court Clerk no later than fourteen (14) days from the date of this Recommendation. The Clerk will provide a copy of any objection to the opposing party.

If no objections are filed, Judge Marshall can adopt this Recommendation without independently reviewing all of the evidence. Also, by not filing objections, a party may waive any right to appeal findings of fact.

All objections should be mailed to:

>   Clerk, United States District Court
>   Western District of Arkansas
>   500 North State Line Avenue, Room 302
>   Texarkana, AR 71854

**II.   Background:**

Plaintiff Michael Snell, a federal prisoner previously housed at the Bi-State/Bowie County Correctional Center in Bowie County, Texas, filed this lawsuit in the Western District of Arkansas, Texarkana Division, under 42 U.S.C. § 1983.  In his complaint, Mr. Snell alleged that after "the Government of the United States, the Western District of Arkansas - Hot Springs Division" transferred him from Clark County, Arkansas, to Bowie County, Texas, his constitutional rights were violated.

Mr. Snell claimed that officials at the Bi-State/Bowie County Correctional Center: failed to protect him from an attack by a fellow inmate; acted with deliberate indifference to his medical needs; and denied him access to the law library.  He also claimed that he informed Deputy United States Marshals from the Western District of Arkansas about these constitutional violations, but was told to "call [his] lawyer."

Mr. Snell originally named as Defendants: the Government of the United States of America, Western District of Arkansas; the Bi-State/Bowie County Correctional Center; the Community Education Centers Correctional and Medical Staff; and Dr. Nash.  On its own motion, the United States District Court for the Western District of Arkansas dismissed the United States of America and the Bi-State/Bowie County Correctional

2

Center as Defendants and substituted Mike Oglesby (United States Marshal for the Western District of Arkansas) and Bowie County Sheriff James Prince as party Defendants. There is some confusion as to whether Marshal Oglesby and Sheriff Prince were added in their individual or official capacities, or both.

On June 22, 2011, Judge Marshall severed Mr. Snell's claim against Defendant Oglesby, and that claim remains pending in the Western District of Arkansas. The remainder of Mr. Snell's claims were transferred to the United States District Court for the Eastern District of Texas.

In his June 22 Order, Judge Marshall found that, "Oglesby was not the Marshal for the Western District of Arkansas when the events at issue took place," and that "there [were] no specific factual allegations that make a claim against him." (# 50, p. 3) He also found that Mr. Snell had not alleged that Marshal Oglesby had sufficient minimum contacts with the Eastern District of Texas for that district to exercise personal jurisdiction over Marshal Oglesby. *Id.* Mr. Snell's claims against Marshall Oglesby were then referred to this Court for further action. Judge Marshall afforded Mr. Snell additional time to file an amended complaint identifying the Deputy Marshal or Marshals from the Western District who violated his rights. *Id.*

On July 6, 2011, Mr. Snell filed his amended complaint. Marshal Oglesby has now moved to dismiss Mr. Snell's amended complaint, arguing that Mr. Snell has not complied with the Court's June 22 Order, because he did not identify the Deputy Marshal

or Marshals who violated his rights.  (#52)  Mr. Snell has not responded to the motion to dismiss, and the time to do so has passed.  (#54)

### III.   Recommendations:

Mr. Snell's only claim still pending in the Western District of Arkansas is a claim against Marshal Oglesby.  The rest of the claims in the lawsuit were transferred to the Eastern District of Texas.  (#50)  Judge Marshall has already found that Marshal Oglesby was not the Marshal of the Western District of Arkansas during the time of the events giving rise to this lawsuit.

*Bivens v. Six Unknown Agents*, 403 U.S. 338 (1971) authorizes suits against federal officials, but only in their individual capacities.  There is no provision under *Bivens* for official-capacity suits against federal officials, such as Marshal Oglesby.  There is nothing in Mr. Snell's amended complaint to suggest that Marshal Oglesby was the Marshal at times relevant to this lawsuit, or that he was personally involved in the decision to deny him necessary medical care.

In fairness to Mr. Snell, though, it was not his idea to sue Marshal Oglesby.  From reviewing the original complaint, it appears that Mr. Snell intended to sue the United States and not Marshal Oglesby, individually.  Marshal Oglesby was added as a Defendant by the Court in place of the United States Marshal Service for the Western District of Arkansas.  To clarify the record, however, to the extent that there is a claim against Marshal Oglesby individually under *Bivens*, that claim should be dismissed.  If

Mr. Oglesby was not the Marshal when the events at issue took place, obviously he could not have been personally involved.

On the other hand, if Mr. Snell intended to sue the Marshal Service under the Federal Tort Claims Act ("FTCA") for an unconstitutional policy, that claim would be a claim against the United States government itself, and not against any individual. The FTCA cannot be used to sue a government employee individually.

Marshal Oglesby argues that, even if Mr. Snell intended to sue the United States, the claim should be dismissed because there is no mention of the Federal Tort Claims Act in the complaint or amended complaint. That argument is not persuasive.

Mr. Snell is proceeding pro se. He is not a lawyer. With that said, the law in this area is challenging, even for lawyers and judges. There can be personal liability under 42 U.S.C. § 1983 as to state officials, but no supervisory liability. Section 1983 does not apply to federal officials, but *Bivens* does. As noted, *Bivens* applies only to federal officials sued in their individual capacities. The Federal Tort Claims Act applies to official-capacity claims against federal officers, but only under certain circumstances, depending on whether the acts complained of were discretionary or ministerial.

Here, Mr. Snell tried to sue both federal and state officials–a daunting task complicated by the fact that his case is now pending is two districts in two different federal circuits. He used a pre-printed form, likely supplied by the detention facility,

5

which interestingly, does not indicate whether the plaintiff is suing under § 1983 or the Tort Claims Act. His complaint was deemed a § 1983 claim by the Court.

In his amended complaint, Mr. Snell has alleged that the Marshal Service in the Western District of Arkansas refused to authorize–meaning to pay for–Bowie County officials to provide health care. That may or may not be true. At this stage of the case (or cases), however, there is no way to know what contractual arrangement the Marshal Service had with the Bi-State Bowie County Correctional Center for providing health care for federal detainees housed in its facility, and there is certainly no way to determine, at this stage, who did or did not authorize, who should or should not have authorized, medical care for Mr. Snell. In other words, without additional information, it would be sheer conjecture to conclude that the Marshal Service bears no responsibility for Mr. Snell's lack of treatment for his serious medical needs–assuming as we must that the allegations in the complaint and amended complaint are true.

The potential liability of the Marshal Service is inextricably interwoven with the potential liability of officials at the Bi-State Bowie County Correctional Center. After Marshal Oglesby has been dismissed from the case in his individual capacity, the rest of this case should be transferred to the Eastern District of Texas.

It is true that, in his Amended Complaint, Mr. Snell has not identified the Western District of Arkansas Deputy Marshal or Marshals he blames for intentionally disregarding his serious medical needs. But there is personal jurisdiction over them–whoever they

6

are–in the Eastern District of Texas, and that court should determine the proper parties to this action, once Marshal Oglesby is dismissed individually.

## IV. Conclusion:

The Court recommends that the motion to dismiss (#52) be GRANTED, in part and DENIED, in part; that Marshal Oglesby be dismissed in his individual capacity; and that the remaining claims against John Doe Deputy Marshals be transferred to the Eastern District of Texas.

DATED this 8th day of September, 2011.

_____
UNITED STATES MAGISTRATE JUDGE